IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRANDON SYLVESTER, <br> AIS 311748, <br><br> Petitioner, <br><br> v. <br><br> ROBERT ROWLINS, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 2:24-CV-307-ECM-KFP <br> ) <br> ) <br> ) <br> ) |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Pro se Petitioner Brandon Sylvester filed this 28 U.S.C. § 2254 habeas application on May 20, 2024. On May 30, 2024, the Court granted Petitioner fourteen days either to pay the $5.00 filing fee or file a motion for leave to proceed in forma pauperis accompanied by the required supporting affidavit. Doc. 2. On June 13, 2024, Petitioner's copy of that order was returned as undeliverable. Accordingly, on June 25, 2024, the undersigned entered an Order (Doc. 3) requiring Petitioner, by July 9, 2024, to notify the court of his current address or show cause why this case should not be dismissed for failure to prosecute. The Order also warned that a failure to comply would result in a recommendation of dismissal. *Id*. Petitioner has not responded or otherwise complied with the Court's Order.

The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co*., 370 U.S. 626, 629–30 (1962). This authority empowers the courts

"to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *see also Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket"). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

For the above reasons, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that by **August 29, 2024**, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered. The Recommendation is not a final order and, therefore, is not appealable.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *See* 11th Cir. R. 3-1.

DONE this 15th day of August, 2024.

                                              /s/ Kelly Fitzgerald Pate
                                              KELLY FITZGERALD PATE
                                              UNITED STATES MAGISTRATE JUDGE